## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

ADRIANO PEREZ,                          ) D.C. CV. NO. 2005-030
           Petitioner,              )
                            ) Ref.: D.C. CR. NO. 2002-038
       v.                       )
                            )
UNITED STATES OF AMERICA,               )
           Respondent.              )
_____ )

Copies to:
    Geoffrey W. Barnard, Magistrate Judge
    Jason T. Cohen, AUSA
    Adriano Perez, Reg. No. 06651-094, Correctional Institution
        Moshannon Valley, 555 I Cornell Dr., Philipsburg, PA
        16866 (Please Mark: "LEGAL MAIL")
    Law Clerk

## MEMORANDUM OPINION

      This matter is before the Court on Petitioner Adriano Perez's
("Perez" or "Petitioner") motion to vacate, set side, or correct
his sentence under 28 U.S.C. § 2255, and the government's response
in opposition thereto.

## I.    FACTS AND PROCEDURAL HISTORY

      Inasmuch as this opinion is written for the parties who are
familiar with the facts, the Court will not set forth the
background of this case at length.  Perez was charged in a nine-
count Superseding Indictment with several drug offenses.  In
November 2002, he pled guilty to two counts: 1) Count VII, attempt
to possess with intent to distribute one kilogram or more of
heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846;
and 2) Count VIII, attempt to possess with intent to distribute

five kilograms or more of cocaine, in violation of 21 U.S.C. §§
841(a)(1) and 841(b)(1)(C).  In his Application for Permission to
Enter Plea of Guilty Perez admitted that he was guilty of the
offenses.  In his written plea agreement, he  stipulated that the
amount of heroin involved in Count VII was 2 kilograms and that the
amount of cocaine involved in Count VIII was 14 kilograms.  The
government agreed to dismiss the remaining charges.

In the presentence interview, Perez denied knowing that any
drugs were involved.  He appeared for sentencing before the
Honorable Thomas K. Moore on April 9, 2003.  At sentencing, Perez
disputed some of the convictions noted in the criminal history
section of his presentence report, but conceded that his score
would be at least a category 2.  Perez also stated that he was
innocent of the offense.  Judge Moore then offered to allow Perez
to withdraw his guilty plea and proceed to trial, but Perez stated
on the record that he wished to proceed with the plea.  The Court
accepted the recommendations in the presentence report that Perez
was not eligible for the "safety valve" exceptions to the minimum
mandatory sentence of ten years' imprisonment followed by five
years of supervised release.  The Court also departed downward *sua
sponte* from the minimum guideline fine of $12,5000 and imposed a
$4,000 fine.  Perez appealed.

On appeal before the Court of Appeals for the Third Circuit
("Court of Appeals") , defense counsel, Douglas J. Beevers, Esq.
("Beevers"), Assistant Federal Public Defender, filed a brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967), identifying, but finding meritless, possible challenges to Perez's guilty plea. Beevers put forth the following two issues: 1) that although Judge Moore had departed downward from the guideline fine, the departure did not go far enough; and 2) that it is arguable after *Apprendi v. New Jersey,* 530 U.S. 466 (2000), that the determination of whether Perez qualified for the safety valve should have been treated as an element of the offense since it raises the minimum sentence. Perez did not raise any additional issues.

The Court of Appeals, after having reviewed the record and Beevers' *Anders* arguments, reiterated that a court's decision not to depart downward is not appealable, *United States v. Denardi*, 892 F.2d 269 (3d Cir. 1989), and Perez's *Apprendi* argument had already been rejected by the Supreme Court in *Harris v. United States,* 536 U.S. 545, 572 (2002).[1] Perez's conviction was affirmed on December 17, 2003. *United States v. Perez*, 82 Fed. Appx. 764 (3d Cir. 2003) (affirming the conviction and noting that because the issues raised lacked legal merit, they did not require a filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR

---

[1]     *Harris v. United States* provides in relevant part that:

The legal consequences of extending *Apprendi* to the mandatory minimum sentencing context are also seriously adverse. Doing so would diminish further Congress' otherwise broad constitutional authority to define crimes through the specification of elements, to shape criminal sentences through the specification of sentencing factors, and to limit judicial discretion in applying those factors in particular cases.

536 U.S. 545 (2002) (Breyer, J., concurring).

109.2(b)(2000)).  Perez filed a timely motion pursuant to 28 U.S.C.

§ 2255 on March 7, 2005.[2]


## II. DISCUSSION

### A. Issues

In this Section 2255 motion, Perez argues that: 1) his counsel

was ineffective for failing to investigate a prior New York

conviction that he alleges was erroneously reflected on his

presentence report; 2) that counsel misled him into believing that

he would receive a sentence of 87 months; 3) when he entered into

the plea agreement, he was not aware that the U.S. Probation Office

would prepare a presentence report; and 4) he should be resentenced

in light of *Blakely v. Washington*, 542 U.S. 96 (2004) and *United

States v. Booker*, 543 U.S. 220 (2005).  An evidentiary hearing was

not needed to develop facts.  *See* Rules Governing Section 2255

Proceedings, Rule 8; *United States V. Headley*, 923 F.2d 1079, 1083

(3d Cir. 1991).

### B. Standards of Review

---

[2]     Magistrate Judge Geoffrey W. Barnard ruled that:

Where, as here, a defendant does not file a certiorari petition,
the "judgment of conviction does not become 'final' until the time
for seeking certiorari review expires.  A defendant has 90 days
from the date on which the court of appeals affirms the judgment
of conviction to file a petition for a writ of certiorari."
*United States v. Davies*, 394 F.3d 182, 186 n.2 (3d Cir. 2005),
quoting *Kapral v. United States*, 166 F.3d 565, 578-79 (3d
Cir.1999).  Therefore, Perez's § 2255 motion, filed on March 7,
2005 is timely.

(*Perez v. United States*, D.C. CV. NO. 2005-030, Order entered May 3, 2005.)

It is well-established that habeas review is an extraordinary remedy, and a § 2255 motion is not a substitute for a direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (citations omitted); *United States v. Frady*, 456 U.S. 152, 165 (1982); *Gov't of the Virgin Islands v. Nicholas*, 759 F.2d 1073, 1074-75 (3d Cir. 1985). Section 2255 serves only to protect a petitioner from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred. *See Reed v. Farley,* 512 U.S. 339, 348 (1994). "For this reason, *nonconstitutional* claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976) (emphasis added).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' for the failure to comply with the procedural requirement and that actual 'prejudice' would result from the alleged constitutional violation, or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted); *see also Jenkins v. United States*, 333 F.3d 151, 155 (3d Cir. 2003); *United States v. Sanders*, 165 F.3d 248, 250 (3d Cir. 1999).

"The cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts to raise the claim." *McCleskey v. Zant,* 499 U.S. 467, 493 (1991)

(quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).  While
constitutionally ineffective assistance of counsel is "cause,"
attorney error short of ineffective assistance of counsel does not
constitute cause and will not excuse a procedural default.
*McCleskey*, 499 U.S. at 494 (citations omitted).  Prejudice requires
a showing that the alleged error "so infected the entire trial that
the resulting conviction violates due process." *Frady*, 456 U.S. at
168-69 (citations omitted).  In the absence of cause, the Court
need not proceed to address the issue of prejudice.  *See Murray*,
477 U.S. at 533.  Nonetheless, the Court is cognizant of the fact
that even absent a showing of cause for the procedural default, a
writ of habeas corpus may be granted where a constitutional
violation has probably resulted in the conviction of one who is
actually innocent.  *Id.* at 538.

There is no procedural default for failure to raise an
ineffective assistance claim on direct appeal.  *Massaro v. United
States*, 538 U.S. 500, 503-04 (2003).  Claims of ineffective
assistance of counsel must satisfy the two-part test enunciated in
*Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner
must show that, considering the facts of the case, his counsel's
challenged actions were unreasonable.  *Id.* at 690.  The Court must
review a petitioner's claim under the "strong presumption that the
counsel's conduct falls within the wide range of reasonable
professional assistance; that is, [Perez] must overcome the
presumption that, under the circumstances, the challenged action

'might be considered sound trial strategy.'" *Id*. at 688. Second, the petitioner must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue. *Id*. at 694-95.

## C. Perez does not assert a claim of "actual innocence," and his challenge to his plea is procedurally barred.

Perez argues that the plea agreement did not contain a statement that a presentence report would be part of the agreement and that the U.S. Probation Office would apply calculations for sentencing factors. The fact, he contends, that the Court used elements of the presentence report "for enhancement purposes" constituted a breach of the plea agreement, and he is "entitled to be resentenced." (§ 2255 Mot. at 5, 7.) The government argues, on the other hand, that Perez is procedurally defaulted from raising this argument by failing to raise it on direct appeal.

The government is correct that this issue is procedurally defaulted, but to the extent Perez is attempting to incorporate this challenge to his sentence under the umbrella of an ineffective assistance of counsel claim, the Court will review it under *Strickland*.

The record before the Court clearly shows that Perez was informed that a presentence report would be prepared by the U.S. Probation Office to determine his guideline sentence. In fact, Perez's November 20, 2002 Application for Permission to Enter a

Plea of Guilty ("Application") states:

> 18A.  I understand that I will be sentenced according to the Sentencing Guidelines pursuant to the Sentencing Reform Act of 1984, since my offense occurred on or after November 1, 1987.
>
> . . . .
>
> 18C.  I understand the Court will not be able to determine the guideline sentence for my case until after the Presentence report has been completed and both I and the Government have had an opportunity to read the report and challenge any facts reported by the probation officer.

(*See* Response at 4.)  The Application further notified Perez that the statutory mandatory minimum he faced was ten years.  Then, during the change of plea hearing on November 20th, Perez (with the assistance of Spanish interpreter, Sacoro Melendez) was again made aware that a presentence report would be prepared and that he faced a minimum sentence of ten years:

> THE COURT: Now, all of the documents which have been filed in this case are written in English, were they read for you and translated for you so that you feel you understand their contents?
>
> THE DEFENDANT: Yes.
>
> . . . .
>
> THE COURT: Now, because your case is governed by the federal sentencing guidelines we can't tell you today exactly what your sentence will be on your plea of guilty to those two counts today, we can only tell you what the maximum possible punishment that you could receive but we can also give you a realistic appraisal of the sentencing range within which you may expect to be sentenced.
> You're [sic] exact sentence can only be determined after you've had a sentencing hearing.  The sentencing judge will have the benefit of a presentence report

together with any arguments made on your behalf by your attorney. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Now, the maximum possible punishment that you cold receive on your plea of guilty in accordance with your agreement is a sentence of imprisonment of not less than ten years nor more than life and a fine of no more than $4 million or both. A term of supervised release of at least five years and $100 mandatory special assessment, do you understand that that's the maximum possible punishment that you could receive?

THE DEFENDANT: Yes.

THE COURT: And now, Mr. Beavers [sic], under the federal sentencing guidelines what do you appraise the defendant's exposure to be?

MR. BE[E]VERS: The lowest possible 70 months and the highest would be somewhere around 188 months if there were obstructions and other enhancements but that's the full range as far as I can see.

. . . .

THE COURT: Mr. Perez, it seems likely that the actual sentence that you'll receive will be something in the range of 70 months to 188 months depending on the many circumstances which will be revealed in the presentence report and which will be subject to argument by your lawyer at the time of the sentencing. So do you feel that you understand that?

THE DEFENDANT: Yes.

(*Perez*, Tr. Change of Plea hearing at 11-14.) Having reviewed the

transcript, the court finds no basis upon which to conclude that

Beevers' assistance with regard to the presentence report and

sentence fell outside the wide range of reasonable professional

assistance. *See Strickland*, 466 U.S. at 688. Perez was indeed

informed that a presentence report would be prepared and the likely

range within which he would be sentenced (70-188 months).
Moreover, the record does not support a finding that Beevers
misled Perez into believing that he would receive a sentence of 87
months. In fact, the Court has found no reference to 87 months in
the record. Perez has failed to satisfy the first prong of
*Strickland* and the Court need not proceed to the second prong.

**D.  *Blakely* and *Booker* are not applicable retroactively to cases on collateral review.**

Perez argues that the holding in *United States v. Booker*, 543
U.S. 220 (2005) which made the U.S. Sentencing Guidelines advisory
rests on *Apprendi*, and its retroactive application "in an initial
habeas, § 2255, motion should not present any great problem before
this Court." (§ 2255 Mot. at 9.)  The government correctly argues
that *Booker* is not applicable to cases on collateral review. *See
Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005). The
same holds true for *Blakely v. Washington*, 542 U.S. 296 (2004). It
is also well—settled that *Blakely* has not been made applicable
retroactively to cases on collateral review. Lloyd, 407 F.3d at
615-16; *In re Olopade*, 403 F.3d 159 (3d Cir. 2005). Perez's
argument fails.

**E. Counsel's assistance with regard to the prior conviction in New York noted on the presentence report did not run afoul of *Strickland*.**

Perez argues that Beevers was ineffective for failing to
investigate a prior New York conviction that he alleges was
erroneously reflected on his presentence report, and unjustifiably

increased his sentence. He argues that Beevers should have obtained fingerprint evidence relating to the New York offense which would have shown that he was not the person arrested in that case. The government argues that Perez is of the mistaken belief that the New York convictions enhanced his sentence to 120 months. (Gov't Response at8.)

The government is correct. Perez was determined to have a total offense level of 28 and a criminal history category of I. The Court sentenced him to the statutorily required minimum sentence of 120 months pursuant to the provisions of U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(c)(2) (2002 ). Having reviewed this matter, and noting that the New York conviction(s) did not enhance Perez's sentence, the Court simply cannot find that Beevers' performance in failing to investigate those convictions fell below an objective standard of reasonableness. Again, Perez fails under a *Strickland* analysis.


**III. CONCLUSION**

For the above-stated reasons, Perez's motion pursuant to 28 U.S.C. § 2255 is denied. An appropriate order follows.

**E N T E R :**

/s/
_____
**CURTIS V. GÓMEZ**
**CHIEF JUDGE**